**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION**

**ANTHONY CRUTCHER**                                                                 **PETITIONER**

**vs.**                                                            **Civil Action No.: 2:12cv118-SA-DAS**

**STATE OF MISSISSIPPI, ET AL.**                                              **RESPONDENTS**

**MEMORANDUM OPINION AND ORDER**

Petitioner Anthony Crutcher (#50761), a Mississippi inmate currently housed at the Marshall County Correctional Facility, is proceeding pro se and *in forma pauperis* on a federal habeas petition pursuant to 28 U.S.C. § 2254, in which he challenges his State court conviction and sentence for the sale of cocaine. Having considered the submission of the parties, the State court record, and the law applicable to Petitioner's claims, the Court finds the petition should be denied, for the reasons that follow.

**Facts and Procedural History**

Petitioner was indicted by a grand jury in the Circuit Court of DeSoto County, Mississippi, as an habitual offender and a subsequent offender on two counts of the sale of cocaine. At Petitioner's trial, Lieutenant Jeremy Degan, supervisor of the Special Investigations Division, testified that he and other agents were performing controlled drug transactions in DeSoto County, Mississippi, on June 20, 2007, using confidential informants to aid in the operations. Lieutenant Degan testified that he placed a listening device and an audio/video recording device on the person of one of the informants, and that a secondary video recording device was concealed in the vehicle that the informants were using during the operations. One of the informants testified at Petitioner's trial that on June 20, 2007, he purchased two rocks of

1

cocaine from Petitioner for forty dollars. Petitioner was convicted of the sale of cocaine and sentenced to serve a term of sixty years as an habitual offender in the custody of the Mississippi Department of Corrections.[1]

Subsequently, and with new counsel, Petitioner appealed his judgment to the Mississippi Supreme Court, which affirmed his conviction and sentence. *See Crutcher v. State*, 68 So.3d 724 (Miss. Ct. App. 2011), *reh'g denied* June 21, 2011, *cert. denied*, September 1, 2011 (Cause No. 2009-KA-01819-COA). Proceeding pro se, Petitioner then filed an "Application for Leave to Proceed in the Trial Court" in the Mississippi Supreme Court. By order entered December 21, 2011, the Mississippi Supreme Court denied the application. (*See* Answer, Ex. B (Cause No. 2011-M-1583)). Petitioner filed the instant petition on or about July 6, 2012, asserting four grounds for habeas relief and requesting an evidentiary hearing.

**Legal Standard**

The Court's review of Petitioner's claim is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), because his federal habeas petition was filed after the statute's effective date. *See Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (citing *Lindh v. Murphy*, 521 U.S. 320 (1997)). The AEDPA prevents the grant of federal habeas relief on any claim adjudicated on the merits in state court unless that adjudication (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established United States Supreme Court precedent; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the presented evidence. *See* 28 U.S.C. § 2254(d)(1) & (2);

---

[1] Count One of the indictment, which charged Petitioner with selling cocaine to informants on May 24, 2007, was remanded to the file.

*Schriro v. Landrigan*, 550 U.S. 465, 473 (2007).

A decision meets the "contrary to" clause only if it applies a rule contradicting the clearly established precedent as set forth by the Supreme Court, or if it arrives at a different result than that reached by the Supreme Court on a set of "materially indistinguishable" facts. *Early v. Packer*, 537 U.S. 3, 8 (2002). A state court's decision unreasonably applies Supreme Court precedent if it identifies the correct legal rule but unreasonably applies it to the facts of the case, or if it unreasonably extends, or unreasonably refuses to extend, a legal principle from existing Supreme Court precedent to the facts of the case. *Williams v. Taylor*, 529 U.S. 362, 407 (2000). Additionally, the factual findings underlying a state court's decision are presumed to be correct unless the petitioner rebuts that presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Valdez v. Cockrell*, 274 F.3d 941, 947 (5th Cir. 2001).

## Discussion

**Ground One: Prejudicial Voir Dire**

Petitioner maintains that the trial court committed error in overruling the defense's objection when, during voir dire, the prosecution responded to the inquiry of a potential juror by stating that it would be "up to the Defendant" whether to put on witnesses at trial. At trial, the following transpired:

> Juror: You said the prosecution is the only one that's going to have witnesses.
>
> Prosecutor: The defense is never required to put on any witnesses. That's going to be up to the Defendant. I have the burden of proof. I have to prove something to you. Okay? It's up to the Defense if they want to put on witnesses or offer testimony.

(SCR Vol. 2, 58).[2] Defense counsel made an objection and moved for a mistrial, which was denied. (*See id.* at 86-88, 98). The matter was raised again in post-trial motions, and the trial court found there to be no prejudice to Petitioner and denied the motion. (*See* SCR Vol. 3, 219-220). On appeal, Petitioner argued that the prosecutor's statement was an improper comment on his right to remain silent. The Mississippi Court of Appeals found that the prosecutor's remark spoke to Petitioner's option to present evidence and not to his "failure to testify []or his right to remain silent." *Crutcher*, 68 So.3d at 729. The court found that the denial of the motion was not an abuse of discretion. *Id.*

The prosecution cannot comment on an accused's silence. *Griffin v. California*, 380 U.S. 609, 615 (1965). To succeed on his claim that the prosecutor's statements infringed upon his rights, Petitioner must show "the prosecutor's manifest intent was to comment on the defendant's silence or . . . the character of the remark was such that the jury would naturally and necessarily construe it as a comment on the defendant's silence." *United States v. Grosz*, 76 F.3d 1318, 1326 (5th Cir. 1996). However, when a jury has been instructed that the defendant's silence at trial cannot be taken as an implication of his guilt, "it is reasonable enough to expect a jury to comply with that instruction, since...the inference of guilt from silence is not always 'natural or irresistible.'" *Portuondo v. Agard,* 529 U.S. 61, 67 (2000).

The trial court, in overruling Petitioner's motion for a mistrial, found the prosecutor's statement to be "correct statements of the law" that mimicked a standard jury instruction given by the court. (*See* SCR vol. 2, 87, 88). In fact, a jury instruction was given without objection from the defense that stated that "[t]he defendant(s) is not required to prove his/her innocence or

---

[2] "SCR" throughout this opinion and order refers to the State court record.

to put in any evidence at all upon the subject." (SCR Vol. 1, 54). During closing argument, defense counsel referenced the jury instruction, reminding the jurors that the defendant was not required to put on evidence of his innocence. (*See* SCR Vol. 3, 199).

The Court determines that the prosecutor's statement was not a comment on Petitioner's failure to testify so much as it was a remark about his option to put on evidence, which clearly comports with the instructions given to the jury. Petitioner has not demonstrated that the decision rejecting this claim was contrary to or involved an unreasonable application of clearly established federal law, or that it was unreasonable application of facts in light of the presented evidence. This claim will be dismissed.

**Ground Two: Erroneous Admission of Video Recording**

Petitioner argues that the State failed to establish an adequate evidentiary foundation for the admission of a video recording allowed into evidence. He also argues that the recording equipment was not operating correctly, and that there was no showing that the recording displayed an accurate representation of the drug buy by Petitioner.

On appeal, the court found "that Lieutenant Degan and Agent [Danny] Wilkey were proper witnesses to present testimony to authenticate the videotape that depicted the drug sale," and that the admission of the videotape into evidence was not an abuse of discretion. *Crutcher*, 68 So.3d at 733. The Court held:

> We note that Lieutenant Degan and Agent Wilkey testified to the following: their officers placed the audio/video recording devices on Smith's person, as well as the vehicle employed by Smith during the operation; they were familiar with the scene; and they listened by audio device to the drug transaction as it occurred. The record also reflects that Lieutenant Degan established a proper chain of custody for the videotape through his testimony, thereby allowing the videotape to be

> admitted into evidence. This Court, therefore, finds that the videotape was sufficiently authenticated "by someone who [testified] that the events on the tape accurately depict[ed] the transaction as it occurred on the day in question." [citation omitted]. As such, we hold that the trial court's decision to allow the videotape into evidence was not an abused of discretion.

*Id.*

A state prisoner is entitled to relief under 28 U.S.C. § 2254 only if he is held "in custody in violation of the Constitution or laws or treaties of the United States." *Engle v. Isaac,* 456 U.S. 107, 118 (1981). The evidentiary rulings of a state court do not present "cognizable habeas claims" unless "they run afoul of a specific constitutional right or render the petitioner's trial fundamentally unfair." *Johnson v. Puckett,* 176 F.3d 809, 820 (5th Cir. 1999) (citing *Cupit v. Whitley,* 28 F.3d 532, 536 (5th Cir. 1994)).

In Petitioner's case, the videotape was authenticated through the testimony of the officers, as found by the court. (*See* SCR Vol. 2, 128-32; 145-48). Therefore, it would appear that the videotape was admissible evidence. Even if its admission was in error, however, it did not render Petitioner's trial fundamentally unfair, particularly in light of the confidential informant's testimony that Petitioner was the individual who sold him the cocaine. (*See* SCR Vol. 2, 105-07). Therefore, the Court finds that the decision rejecting this claim was not contrary to, nor did it involve, an unreasonable application of clearly established federal law, nor was it an unreasonable application of facts in light of the presented evidence. This claim will be dismissed.

**Ground Three: Chain of Custody of Physical Evidence**

Petitioner argues that the chain of custody for the cocaine was insufficient, and that the

evidence should have been excluded. He maintains that Count II of the indictment charged the sale as occurring on June 20, 2007, but the DeSoto County Sheriff's report documented the sale as occurring on May 24, 2007. He maintains that law enforcement official records showed the evidence was not placed into a secure evidence vault until June 27, 2007, such that the evidence could have been tampered with or substituted.

The Court of Appeals held that the test for chain of custody issues is "'whether or not there is any indication or reasonable inference of probable tampering with the evidence or substitution of the evidence.'" *Crutcher*, 68 So.3d at 374 (citation omitted). The court found:

> At trial, Lieutenant Degan and Agent Wilkey both testified to the chain of custody for the drug evidence. Lieutenant Degan testified that after he and the other officers placed audio/video devices on Smith's person and in the vehicle used by Smith in the operation, Smith and Washington departed and returned shortly thereafter. Lieutenant Degan further testified that he received an amount of base cocaine from Smith upon their return and placed it in a plastic bag until it was transported to the office, where it was placed in a heat-sealed bag and labeled. Lieutenant Degan also identified the cocaine at trial as the base cocaine given to him by Smith on June 20, 2007. Lieutenant Degan then testified to the procedures employed by the Metro when possessing and storing evidence. Lieutenant Degan testified that the standard procedures were followed in this case and that the evidence was not tampered with to his knowledge. Agent Wilkey also testified that all policies and procedures relating to the preservation of evidence were followed in the present case and that the evidence to his knowledge was not tampered with.

*Id.* at 735; *(See also* S.C.R. Vol. 2, 131-140, 147- 150; SCR Vol. 3, 151-162). The court held that Petitioner had not raised any "evidence or reasonable inference to support the assertion that the cocaine was tampered with or that a substitution of evidence occurred" and rejected the claim as having failed to "overcome the presumption of regularity" as to the chain of custody. *Id.* at

7

734-35.

As previously noted, a court's ruling on the admission of evidence is an issue of State law not normally considered on federal habeas review. *See, e.g.*, *Johnson v. Puckett,* 176 F.3d 809, 820 (5th Cir. 1999); *Castillo v. Johnson,* 141 F.3d 218, 222 (5th Cir. 1998). Petitioner has not demonstrated that his trial was rendered "fundamentally unfair" by the admission of the evidence. *Johnson*, 176 F.3d at 820. The Court finds that Petitioner has not demonstrated that the decision affirming the trial court's ruling on this issue is contrary to, or involves an unreasonable application of, clearly established federal law, or that the decision was based on an unreasonable determination of the facts in light of the evidence. This claim will be dismissed.

**Ground Four: Whether the Sentence is Proper**

Petitioner was indicted in this case as a subsequent offender and an habitual offender. Petitioner argues that the State did not prove his prior convictions as necessary to support his conviction as an habitual offender, nor did the court make findings on the record necessary to support the imposed sentence.

Prior to his trial on the charge at issue in the instant case, Petitioner was convicted in the Criminal Court of Shelby County, Tennessee, for unlawful possession of marijuana with intent to sell and was sentenced to one year in the county workhouse. *See Crutcher*, 68 So.3d at 736. In a separate cause before the Criminal Court of Shelby County, Tennessee, he was convicted of the sale of cocaine and sentenced to three years in the workhouse. On appeal, Petitioner argued that his prior convictions did not meet the requirements of the habitual offender statute, Miss. Code Ann. § 99-19-81, because he served time in the county workhouse, rather than a state or federal penal institution. *Id.* at 735. The court found the issue barred due to Petitioner's failure to raise

8

the issue at trial. *Id*. at 736. Alternatively, the court found that time served in a workhouse meets the statutory requirement of serving time in a penal institution, and that each of Petitioner's prior felony convictions met the requirements of the statute. *Id.*

The doctrine of procedural default prohibits a federal court from considering a federal habeas claim that the State court rejected on independent and adequate State law grounds. *Hughes v. Johnson*, 191 F.3d 607, 614 (5th Cir. 1999). The bar is adequate if it is "strictly or regularly" applied to the "vast majority of similar claims." *Amos v. Scott*, 61 F.3d 333, 339 (5th Cir. 1995). Mississippi's contemporaneous objection rule has been found an adequate procedural bar that has been strictly and regularly applied to similar claims. *See Stokes v. Anderson*, 123 F.3d 858, 860 (5th Cir. 1997). Petitioner has not shown "inconsistent and irregular application" of the bar, as is necessary to preclude its application. *Id.* at 861. Although the bar may be overstepped by a showing of cause and prejudice, or that "failure to consider the federal claim will result in a 'fundamental miscarriage of justice,'" Petitioner has not alleged, much less demonstrated, that these exceptions are applicable to the instant claim. See *Coleman v. Thompson*, 501 U.S. 722, 749-50 (1991) (internal citations omitted). Therefore, this claim is barred from the Court's review.

In the alternative, and without waiving the bar, the Court finds that Petitioner cannot demonstrate an entitlement to relief on this claim. *See, e.g., Harris v. Reed*, 489 U.S. 255, 264 n.10 (1989) (holding that a procedural bar imposed by state court is not vitiated where it is explicitly imposed and the merits of claim are reached in the alternative). The indictment against Petitioner charged him as an habitual offender pursuant to Miss. Code Ann. § 99-19-81 and as a subsequent offender pursuant to Miss. Code Ann. § 41-29-147. The indictment outlined

Petitioner's prior convictions, which included convictions for (1) unlawful possession of marijuana with intent to sell in Cause No. 94-10135 in the Criminal Court of Shelby County, Tennessee, with a sentence imposed January 31, 1995, to serve a term of one (1) year in the workhouse; and (2) sale of cocaine in Cause No. 94004728 in the Criminal Court of Shelby County, Tennessee, with a sentence imposed on January 31, 1995, to serve a term of three (3) years in the workhouse. (SCR. Vol. 1, 8-9).

At Petitioner's sentencing hearing, the prosecutor introduced certified copies of the separate indictments and verdicts from Shelby County, Tennessee. (SCR Vol. 3, 220-21). The prosecutor argued that the prior convictions made the sentence imposed in the instant case mandatory. (*Id.* at 226-27). Subsequently, the judge sentenced Petitioner to sixty years imprisonment pursuant to the habitual offender and subsequent offender statutes. (SCR Vol. 3, 231-35; SCR Vol. 1, 71-72).

Mississippi's subsequent offender statute allows a court to imprison anyone convicted of a drug-related offense after a prior conviction for such offense "up to twice the term otherwise authorized[.]" Miss. Code Ann. § 41-29-147. The habitual offender statute, Miss. Code Ann. § 99-19-81 provides, in pertinent part, that:

> Every person convicted in this state of a felony who shall have been convicted twice previously of any felony or federal crime upon charges separately brought and arising out of separate incidents at different times and who shall have been sentenced to and served separate terms of one (1) year or more in any state and/or federal penal institution, whether in this state or elsewhere, shall be sentenced to the maximum term of imprisonment prescribed for such felony, and such sentence shall not be reduced or suspended nor shall such person be eligible for parole or probation.

Therefore, it appears that Petitioner's prior felony convictions satisfy the statutory requirements

of § 99-19-81, and he was properly sentenced as an habitual offender under Mississippi law.

In State court proceedings, Petitioner raised a challenge to the proportionality of his sentence. In his federal habeas petition, Petitioner only specifically mentions his indictment as an habitual offender as a challenge to the propriety of his sentence. Respondents have treated Petitioner's federal habeas claim as including a challenge to the proportionality of his sentence, however, so the Court will address the issue.

At Petitioner's trial, the court found Petitioner a subsequent offender under §41-29-147 and an habitual offender under § 99-19-81, based on the indictment and documentation contained in the certified exhibit. (SCR Vol. 3, 232-233). The court doubled Petitioner's maximum sentence in accordance with the subsequent offender statute, and he imposed the maximum sentence for the offense as required under the habitual offender statute. (*See id.* at 231-33). The judge further held:

> I will note that the Defense has not submitted any evidence that would point towards this being any type of cruel and unusual punishment. They have not presented any evidence to present any proof that Mr. Crutcher's sentence would be disproportionate. All they've presented is proof that Mr. Crutcher is a good guy that just somehow or another got misguided during these three dope dealing convictions. Noting, first of all, that it's my belief that the law requires the Defendant to put forth some showing that the sentence would be cruel and unusual punishment before the Court moves into a proportionality analysis under Section 99-19-81 habitual offender case, and the Defendant has not done that; but I would note for clarity of the record that in evaluating the proportionality of the sentence, I find the sentence to be proportionate. Mr. Crutcher is a lifetime drug dealer. He's got two prior convictions for dealing drugs and now this one for dealing drugs.

(SCR Vol. 3, 233-34). Thereafter, the trial judge sentenced Petitioner to sixty years in the

custody of the Mississippi Department of Corrections. (*Id.* at 235).

The Mississippi Court of Appeals found that Petitioner's sentence complied with the subsequent offender and habitual offender statutes, and that the sentence was found proportionate by the trial judge after a proportionality analysis was conducted. *Crutcher*, 68 So.3d at 737. Finding that there is no need for an Eighth Amendment analysis where the sentence "does not give inference to gross disproportionality," the court found Petitioner's claim to lack merit. *Id.*

A sentence may violate the Eighth Amendment where it is grossly disproportionate to the crime committed, which occurs in "'exceedingly rare' and 'extreme' cases." *Lockyer v. Andrade*, 538 U.S. 63, 71 (2003). The trial judge in this case found that the subsequent offender statute required the court to provide for up to double the maximum sentence, while the habitual offender statute required the maximum sentence to be imposed. (SCR Vol. 3, 231-232.). Based upon Petitioner's prior convictions and the sentencing authorized by statute, Petitioner has not demonstrated that the decision upholding the sentence meets the AEDPA standards for relief. To the extent a claim to the proportionality of the sentence is raised, it is denied.

**Evidentiary Hearing**

Although Petitioner requests an evidentiary hearing in this case, federal habeas review under the §2254(d)(1) standard applicable to Petitioner's claims that were decided on the merits during his State court proceedings limits this Court's review to the record that was before the State court. *See Cullen v. Pinholster*, ___ U.S. ___, 131 S. Ct. 1388 (2011). Therefore, the Court finds that an evidentiary hearing is not warranted on Petitioner's claims that were adjudicated on their merits. Petitioner's fourth claim has been found procedurally defaulted.

With limited exceptions, the Court is prohibited from holding an evidentiary hearing on a claim that Petitioner failed to develop in State court. *See* 28 U.S.C. § 2254(e)(2). The Court finds that none of the exceptions are applicable in Petitioner's case, and an evidentiary hearing is not warranted on Petitioner's fourth ground for relief.

**Certificate of Appealability**

Petitioner must obtain a certificate of appealability ("COA") before appealing this Court's decision denying federal habeas relief. 28 U.S.C. § 2253(c)(1). Although Petitioner has not filed a notice of appeal, Rule 11 of the Rules Governing Section 2254 Proceedings requires that the Court rule on a COA at the time a final order adverse to the petitioner is entered. Rules Governing Section 2254 Proceedings, Rule 11(a). A COA will not issue unless Petitioner makes "a substantial showing of the denial of a constitutional right" of any claim rejected on its merits, which Petitioner may do by demonstrating that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). To obtain a COA on a claim that has been rejected on procedural grounds, Petitioner must demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. Applying this standard, the Court concludes that a COA should be denied in this case.

**Conclusion**

Having found no basis to grant federal habeas relief in this case, it is hereby ordered that

Petitioner's petition for a writ of habeas corpus is **DENIED** and **DISMISSED WITH PREJUDICE**. A certificate of appealability is **DENIED**. Any pending motions are **DISMISSED** as moot. A judgment in accordance with this opinion and order will issue this day.

**THIS** the 30th day of October, 2012.

                                     **/s/ Sharion Aycock**
                                     **U.S. DISTRICT JUDGE**